**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLARENCE OTIS GIBSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5401** |
| **BRANDON KENNETH** | **SECTION: "R"(5)** |

<u>**REPORT AND RECOMMENDATION**</u>

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Clarence Otis Gibson, against Defendant, prosecutor Brandon Kenneth, in connection with Gibson's alleged wrongful criminal prosecution in the 24th JDC for the Parish of Jefferson. Plaintiff, an inmate of Dixon Correctional Institute, complains about his 2008 indictment for aggravated rape that resulted in a jury finding him guilty of sexual battery. He claims that the illegal conviction resulted in a diagnosis of schizophrenia (after he heard voices in his head calling him a sex offender, child rapist, and child molester) and damage to his reputation. Plaintiff seeks $200,000,000 in compensatory damages. ECF No. 4, Complaint at 5.

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); if it fails to state a claim upon which relief can be granted, 28 U.S.C. §1915(e)(2)(B)(ii); or if it seeks monetary relief against a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2)(B)(iii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).  Liberally construing the instant complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice.

Gibson seeks monetary damages for pain and suffering resulting from his challenged prosecution and detention.  However, Gibson may only pursue his claim for monetary relief under 42 U.S.C. § 1983, after meeting the prerequisites set forth in *Heck*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  He has not met these requirements.

Furthermore, the sole defendant in this case is immune from suit.  Gibson alleges generally that Brandon Kenneth unconstitutionally prosecuted him for a sex offense. However, a prosecutor sued for his actions in initiating and pursuing a criminal prosecution through the judicial process is immune from civil suit for damages under § 1983.  *Singleton v. Cannizzaro*, 956 F.3d 773 (5th Cir. 2020) (prosecutor entitled to absolute immunity for actions taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State"); *see Imbler v. Pachtman*, 424 U.S. 409, 431 (" '[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' was not subject to suit under

Section 1983").[1]  Here, Gibson alleges that he was convicted by an unconstitutional jury, subjected to double jeopardy, and denied the right to prepare a defense and see evidence. ECF No. 4 at 1.  Absolute immunity extends to these alleged actions or omissions by Kenneth taken in his role as an advocate for the state and "intimately associated with the judicial phase of the criminal process" that Gibson indicates led to his being "prosecuted unconstitutionally for a sex offense."  *See Imbler*, 424 U.S. at 430; *Jones v. Champagne*, Civ. Action 22-1364, 2022 WL 5238936, at \*3 (E.D. La. Sept. 16, 2022), *adopted*, 2022 WL 5052603 (E.D. La. Oct. 4, 2022).  The defendant is entitled to absolute immunity from suit. [2]

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Gibson's complaint requesting monetary relief against an immune defendant be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and §1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

---

[1] Notably, absolute immunity may not apply to actions taken while engaged in "other tasks," such as "investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Singleton*, 956 F.3d at 779-80.  However, plaintiff's claims do not implicate such tasks.

[2] Though it appears Gibson only intended to sue the prosecutor as a defendant and no other defendant is listed on the docket sheet, to the extent he intended to name the 24th Judicial District Court as a defendant by including it in the caption, the court is not a proper defendant and any such claim would be frivolous.  *Sampay v. Terrebonne Parish 32nd Judicial Court*, Civ. Action 22-1173, 2022 WL 2712873 (E.D. La. June 9, 2022), *adopted*, 2022 WL 2704573 (E.D. La. July 12, 2022).

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this __27th__ day of _____October_____, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.