UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE OTIS GIBSON | CIVIL ACTION |
| VERSUS | NO. 23-5401 |
| BRANDON KENNETH | SECTION "R" (5) |

## ORDER AND REASONS

Plaintiff Clarence Gibson, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 against prosecutor Brandon Kenneth in connection with Gibson's alleged wrongful criminal prosecution in Jefferson Parish. Gibson, an inmate at the Dixon Correctional Institute, complains about his 2008 indictment for aggravated rape that resulted in a jury conviction for sexual battery. He alleges that the illegal conviction resulted in a diagnosis of schizophrenia and damage to his reputation, and seeks $200,000,000 in compensatory damages.[1]

On October 30, 2023, Chief Magistrate Judge Michael B. North issued a Report & Recommendation ("R&R"), recommending that the Court dismiss Gibson's complaint with prejudice as frivolous and for failure to state a claim upon which relief can be granted.[2] Chief Magistrate Judge North

---

[1] R. Doc. 4.
[2] R. Doc. 7.

specifically found that Gibson failed to meet the prerequisites for monetary relief established in *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the sole defendant in the case, Kenneth, is entitled to absolute immunity from the lawsuit for his actions or omissions taken in initiating and pursuing Gibson's criminal prosecution.[3]  The R&R further stated that Gibson must file any written objections within fourteen days, or by November 13, 2023.[4]

      Gibson's deadline to object to the R&R expired with no objections filed. On November 14, 2023, this Court reviewed the R&R for clear error, and, finding none, adopted the R&R as its opinion and dismissed Gibson's complaint with prejudice.[5]  Later that same date, the Court received a letter from Gibson, postmarked on November 6, 2023, that contained Gibson's objections to the R&R.[6]  In his letter, Gibson contends that Kenneth is not entitled to immunity because Kenneth violated Gibson's federal constitutional rights.[7]

      Under the "prison mailbox rule," "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to

---

[3]    *Id.*
[4]    *Id.*
[5]    R. Doc. 8.
[6]    R. Doc. 9.
[7]    *Id.*

the district court," regardless of when the court itself receives the objections. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993), *cited with approval in Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014). Here, Gibson placed his objections in the prison's mail system at least by November 6, 2023, the postmark date on the envelope. Under the prison mailbox rule, Gibson's objections were in fact timely "filed and served." *See Thompson*, 993 F.2d at 515. Accordingly, the Court withdraws its November 14 order,[8] and substitutes this Order and Reasons in its place.

The Court applies *de novo* review to the parts of the R&R to which Gibson objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (holding that *de novo* determination requires "the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made[, which] is not satisfied by a mere review of the magistrate's report itself"); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (holding that *de novo* determination "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations").

---

[8]     R. Doc. 8.

Gibson objects to the Magistrate Judge's finding that Kenneth is entitled to absolute immunity, arguing that because he asserts claims of federal constitutional violations, rather than state-law claims, the immunity doctrine does not apply.[9] Gibson alleges that he was convicted by an unconstitutional nonunanimous jury, subjected to double jeopardy, and denied the right to prepare a defense and see evidence.[10] In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court extended absolute immunity for § 1983 claims to state prosecutors. In that case, a criminal defendant whose conviction had been overturned sued the prosecutor, several police officers, and a fingerprint expert, alleging "a conspiracy among them unlawfully to charge and convict him." *Id.* at 415-16. The Court concluded that state prosecutors are absolutely immune from § 1983 damages claims based on activities "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Thus, the Court held that a state prosecutor who acts "within the scope of his duties in initiating and pursuing a criminal prosecution" is absolutely immune from § 1983 claims for violating a "defendant's constitutional rights." *Id.* at 410.

---

[9]     *See* R. Doc. 9.
[10]    *See id.*; R. Doc. 4 at 1.

4

Here, absolute immunity extends to the alleged actions or omissions by Kenneth taken in his role as an advocate for the state and "intimately associated with the judicial phase of the criminal process" that Gibson indicates led to his being prosecuted unconstitutionally for a sex offense. *See id.* at 430. Gibson's constitutional claims against Kenneth concern purely prosecutorial activities, and thus Kenneth is entitled to absolute immunity from Gibson's lawsuit. Therefore, the Court overrules Gibson's objections to the R&R.

Accordingly, the Court, having reviewed *de novo* Gibson's complaint, the record, the applicable law, the Magistrate Judge's R&R, and Gibson's objections, finds that Gibson's complaint is legally frivolous and fails to state a claim upon which relief can be granted. The Court adopts the Magistrate Judge's R&R as its opinion. Gibson's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __28th__ day of November, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE